HARRIET SWIFT, AS EXECUTRIX, ETC., OF MARY E. SARO-
TELLE, DECEASED, APPELLANT, *v.* GEORGE N. WHEELER,
RESPONDENT, IMPLEADED, ETC.

*An order made without notice to compel a plaintiff suing as executor to give security
for costs is irregular — Code of Civil Procedure, secs. 3271, 3268 and 3269 — General
Rule of the Supreme Court No. 37.*

The defendant having, without notice to the plaintiff, who sued as executor, pro-
cured an order from a County Court requiring him to give security for costs,
the plaintiff moved the court, upon an order to show cause, to vacate such order,
the order to show cause reciting that it appeared to the court that the first order
was made without notice, and that there was no sufficient ground for requiring the
plaintiff to give security as therein required.

*Held,* that the court erred in denying the motion, as the order requiring security for
costs to be given having been made without notice to the plaintiff was irregular.

That the irregularity complained of was sufficiently specified by the recital
contained in the order to show cause.

APPEAL from an order of the Monroe County Court, denying a
motion made by the plaintiff to vacate an order requiring him to
give security for costs.

*Waldo G. Morse,* for the appellant.

*Ivan Powers,* for the respondent.

SMITH, P. J. :

After issue joined, the defendant, Wheeler, moved the County
Court, *ex parte,* for an order requiring the plaintiff to give security
for costs, and thereupon an order was granted requiring the plaintiff
to give security within ten days after service of a copy thereof, and
staying the plaintiff's proceedings until compliance with the order.
The plaintiff thereafter moved the court, upon an order to show
cause, to vacate such order. The order to show cause recited that it
apppeared to the court that the first order was made without notice
and that there was no sufficient ground for requiring the plaintiff to
give security as therein required. The motion to vacate was denied,
and from the order denying such motion this appeal is taken.

The order requiring security for costs to be given, having been
made without notice to the plaintiff, was irregular. The application
for such order was made under section 3271 of the present Code,

which provides that in an action brought by or against an executor or administrator, in his representative capacity, the court may, in its discretion, require the plaintiff to give security for costs. The preceding sections (3268 and 3269) provide that in the cases specified therein, respectively, the defendant may require security for costs to be given. Section 3272 provides that where security for costs is required to be given, the court in which the action is pending, or except in a case specified in section 3271, a judge thereof, upon due proof, by affidavit, of the facts, must make an order requiring security to be given as therein provided.

The appellant's counsel is understood to contend that an application under either of the sections (3268, 3269 or 3271) may be made without notice. The respondent's counsel concedes the position in respect to motions under either of the first two sections referred to, but he contends that an application under section 3271 cannot be made regularly *ex parte.* We think the position of the respondent's counsel is correct. Under the old practice, a motion for an order requiring the plaintiff to file security for costs, as provided by the Revised Statutes (2 R. S., 620, § 1), could only be made on notice; or, which was the same thing, on service of an order to show cause. (*Champlin* v. *Pierce*, 3 Wend., 445 ; *Blanchard* v. *Nessle*, 6 Hill, 256.) The Code has not changed the practice in that respect as to motions under section 3271. And a motion of that nature is no exception to the general rule of the court requiring motions to be brought before the court on notice or order to show cause. (Rule 37.)

The respondent's counsel contends that the motion to vacate was properly denied, because the irregularity was not specified. We think the recital in the order to show cause was a sufficient compliance with the rule in that regard. As the order requiring security for costs to be given was irregular, we do not consider the merits of the application.

The order denying the motion to vacate should be reversed, with ten dollars costs and disbursements of this appeal to the appellant.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.